**BURCH & CRACCHIOLO, P.A.**
1850 NORTH CENTRAL AVENUE, SUITE 1700
PHOENIX, AZ 85004
TELEPHONE 602.274.7611

Ryan W. Anderson (Ariz. No. 020974)
Shawn A. McCabe (Ariz. No. 032402)
Email: randerson@bcattorneys.com
Email: smccabe@bcattorneys.com

Attorneys for Anthony H. Mason, the Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Titan Laboratories Tucson, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 4:24-bk-01597-BMW<br><br>**RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

Anthony H. Mason, the Chapter 7 Trustee (the "Trustee"), submits the following Response to RAGA, LLC's ("RAGA") *Motion for Relief From the Automatic Stay* [Dkt. No. 32] (the "Motion"). Although the Trustee disputes the nature, amount and the extent of the claim asserted by RAGA, the property listed on Exhibit A to the Motion (the "Subject Property") is of inconsequential value and unduly burdensome to the bankruptcy estate, as detailed below. The Trustee anticipates abandoning the Subject Property from the bankruptcy estate.

## I. BACKGROUND FACTS

1. Titan Laboratories Tucson, LLC ("Debtor") filed a voluntary Chapter 7 Petition on

March 4, 2024 ("Petition Date").  Anthony H. Mason is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

2. Pursuant to the Debtor's schedules and statements, and confirmed by the Trustee's investigation, a lien was recorded on or about May 18, 2021, by Coastal Energy, LLC ("Coastal"), Dickson Family Living Trust (the "Dickson Trust"), and New Mexico Natural Gas ("NM Gas") against the following property:

   a. Agilent 7850 ICP/MS with added racks;

   b. CEM Corporation Microwave Accelerate Reaction System, Model MARS 6;

   c. Agilent GC/MS 5977B MSD 9000 Intuvo GC with Headspace for RSA and Liquid Injection of Terpenes; and

   d. Agilent 1260 HPLC with LCMSD IQ for Potency Testing.

(collectively the "Secured Property"). *See* Schedules and Statements Exhibit B [Dkt. No. 9-2].

3. The Debtor's schedules and statements state that Coastal has a secured claim of $34,181.00. Schedules and Statements at pg. 9 [Dkt. No. 9].

4. The Debtor's schedules and statements state that NM Gas has a secured claim of $34,000.00. Schedules and Statements at pg. 10 [Dkt. No. 9].

5. The Dickson Trust has filed as secured claim for $51,453.53. *See* Claims Registrar, Claim No. 8-1.

## I. THE LEASED PREMISES

6. Debtor's Schedules and Statements listed an unexpired commercial lease for the real property located at 2175 East Valencia, Suite 105, Tucson, AZ 85706 (the "First

Lease") with RAGA as the landlord.[1]

7. The Trustee's Investigation determined that the First Lease was entered into on or about December 4, 2020, and Debtor defaulted on the First Lease on in May of 2023.

8. As of the Petition Date, Debtor was in arrears approximately $17,721.37. *See* Ledger of Past Due Rent and Late Charges, attached as **Exhibit #1**.

9. The Trustee's investigation has determined that the Debtor entered into a second lease with RAGA, for the real property located at 2175 East Valencia, Suite 125, Tucson, AZ 85706 (the "Second Lease").

10. The Second Lease was entered into on or about December 20, 2022, and by March of 2023 the Debtor was in default.

11. As of the Petition Date, Debtor owed approximately $12,487.96. *See* Exhibit #1.

12. The Trustee's investigation has determined that the Suite 125 was re-leased by RAGA on or about December 29, 2023.

## II. THE SUBJECT PROPERTY

13. The Trustee's investigation has determined that by January 2024, RAGA had moved all of the Subject Property from the Leased Premises to a third location for storage.

14. RAGA contends they are owed $500 per month for storage of the Subject Property (the "Reasonable Storage Fee") from January 2024, to current. *See* Exhibit #1.

15. The Trustee's investigation has uncovered no known recorded UCC filing or lien against the Debtor by RAGA.

16. In May of 2024, George Cunnigham, of Cunningham & Associates auctioneers,

---

[1] In communications with RAGA's counsel, Suite 105 has been referred to as "Suite 185". The Trustee believes these are one in the same.

3

1. inspected the Subject Property and assessed a value of approximately $10,000.00.
2. 17. Through discussions with RAGA, it was determined that in early January of 2024, RAGA was under the impression that Quantum Analytics, LLC was willing to pay $50,000 for the Secured Property. However, the Trustee has been unable to find any evidence of an actual offer to purchase.
3. 18. Recent discussions with counsel for RAGA have confirmed that there has never been an actual offer to purchase Secured Property for $50,000.00, despite the assertion in the Motion. RAGA's counsel has stated that the plan is to simply auction off the Subject Property if the Motion is granted.
4. 19. The Trustee has been unable to reach anyone at Quantum Analytics for comment on the matter.

### III. THE TRUSTEE'S POSITION

The Trustee asserts that RAGA is entitled to unsecured claims for all amounts due and owing under the First Lease and Second Lease as of the Petition Date, as well as termination of lease damages. However, the Trustee disputes that these claims are secured by the Subject Property, as there has been no pre-petition perfected security interest. The Trustee agrees that RAGA should be entitled to an administrative claim for approximately $6,000.00 for their storage of the Subject Property.

With that said, RAGA's entitlement to any secured claim is likely a moot point. The Secured Property appears to comprise the majority of Subject Property with any value. The Secured Property is subject to claims from secured creditors exceeding $119,000.00. Even if the Secured Property could be sold for $50,000.00, there would be no benefit to the

1 bankruptcy estate and certainly nothing to pay any administrative claim of the Landlord or

2 to distribute to unsecured creditors. In conclusion, although the Trustee disputes the nature,

3 extent, and amount of the claims asserted by RAGA in the Motion, he anticipates the

4 Subject Property will be abandoned in short order.

5 Dated this 6th day of January, 2025.

6                                          BURCH & CRACCHIOLO, P.A.

7

8                                          */s/ Shawn A. McCabe*
                                         Shawn A. McCabe
                                         Attorneys for the Trustee

9

Copy of the foregoing mailed (and emailed where indicated)
10 on January 6th, 2025, to:

11 Titan Laboratories Tucson, LLC
c/o The Law Offices CR Hyde PLC
12 2810 N Swan Road Suite 150
Tucson, AZ 85712
13 *Debtor*

14 Charles R. Hyde
The Law Offices of C.R. Hyde, PLC
15 2810 North Swan Road Suite 150
Tucson, AZ 85712
16 *Counsel for the Debtor*

17 Scott MacMillan Baker
Law Offices of Scott MacMillan Baker, P.C.
18 4562 N. First Avenue, Suite 100
Tucson, AZ 85718
19 *Attorney for Creditor Raga, LLC*

20 William Walker
William G. Walker, P.C.
21 1316 E. Broadway Blvd.
Tucson, AZ 85701
22 walkerassistant@aol.com

| | |
|---|---|
| 1 | Dickson Family Living Trust |
| | Eric Dickson |
| 2 | 2485 E Donato Dr |
| | Gilbert, AZ 85298 |
| 3 | *Secured Creditor* |
| 4 | Coastal Energy, LLC |
| | 6384 W. Dublin Ln. |
| 5 | Chandler, AZ 85226 |
| | *Secured Creditor* |
| 6 | |
| | New Mexico Natural Gas, LLC |
| 7 | 3314 Roosevelt Dr. |
| | Arlington, TX 76016 |
| 8 | *Secured Creditor* |
| 9 | Office of the United States Trustee |
| | 230 N. First Ave., Suite 204 |
| 10 | Phoenix, AZ 85003-1706 |
| 11 | /s/*Shawn A. McCabe* |
| 12 | |
| | 3688-001 (554939) |
| 13 | |